**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 04-6379**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRANCE LAMONT MOORE,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Malcolm J. Howard, District Judge.  (CR-98-13; CA-04-15-4-H)

───────────────

Submitted:  July 9, 2004            Decided:  August 11, 2004

───────────────

Before LUTTIG, MOTZ, and GREGORY, Circuit Judges.

───────────────

Dismissed by unpublished per curiam opinion.

───────────────

Terrance Lamont Moore, Appellant Pro Se.  Robert Edward Skiver, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Terrance Lamont Moore seeks to appeal the district court's order dismissing his 28 U.S.C. § 2255 (2000) motion as successive. We may not review this order unless Moore establishes entitlement to a certificate of appealability pursuant to 28 U.S.C. § 2253(c) (2000). See Reid v. Angelone, 369 F.3d 363, 374 n.7 (4th Cir. 2004). This court may grant a certificate of appealability only if the appellant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2) (2000). Where, as here, a district court dismisses a § 2255 motion on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). We have independently reviewed the record and conclude that Moore has not made the requisite showing. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

We construe Moore's notice of appeal and informal brief on appeal as an application to file a second or successive § 2255 motion. See United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a second or

successive § 2255 motion, a movant must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. § 2244(b) (2000). Moore's claims do not satisfy either of these conditions. Therefore, we decline to authorize Moore to file a successive § 2255 motion. Accordingly, we deny a certificate of appealability and dismiss the appeal. We deny Moore's motion to remand for an evidentiary hearing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>